FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 SEP 13 PM 3:09
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JULIO JOMARRON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 312-060 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at McRae Correctional Facility in McRae, Georgia, has submitted a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Respondent has filed a response to the petition. (Doc. no. 8.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies.

### I.  BACKGROUND

On March 4, 2010, Petitioner pleaded guilty to one count of knowingly and with intent to defraud, possessing fifteen (15) or more counterfeit access devices, namely thirty (30) counterfeit VISA credit cards, said activity affecting interstate commerce, in violation of 18 U.S.C. §§ 2, 1029(a)(3), in the Southern District of Texas. United States v. Jomarron, CR 710-006-2, doc. no. 65 (S.D. Tex. May 21, 2010) (hereinafter "CR 710-006"). On May 21, 2010, Petitioner was sentenced to 36 months of imprisonment. Id., doc. no. 65.

Petitioner mailed the instant petition on July 5, 2012. (Doc. no. 1, p. 13.) Petitioner maintains that, according to computation sheets he has been given, his projected release date "has always been" June 29, 2012. (Id. at 2.) According to Petitioner, however, on June 29, 2012, he

was told his release date was extended "for an unknown reason" to August 24, 2012. (Id. at 2-3.) Petitioner also alleges that his good time credit ("GTC") has been miscalculated. (Id. at 3-4.) Thus, Petitioner asserts that he "is being held in prison with an impermissible extended sentence," and requests immediate release. (Id.)

Petitioner makes no mention of exhausting any administrative remedies within his petition, nor does he provide any explanation for why he would not have done so. Respondent contends that Petitioner is not entitled to relief on the merits and has failed to exhaust his administrative remedies. (See doc. no. 8, pp. 6-9.) According to Respondent, a review of the Bureau of Prisons SENTRY computer database on August 31, 2012 showed that Petitioner has not filed any administrative remedies during his federal incarceration. (Doc. no. 8, p. 7; id. Ex. 1, ¶ 19; id. Attach. 11.)

## II.  DISCUSSION

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the BOP prior to seeking § 2241 relief in federal court); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims for computation of sentence credit awards). In this Circuit, even if an inmate claims that his release date has passed and he remains incarcerated, courts should enforce the exhaustion requirement:

> In February 1991 Gonzalez filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that because his presumptive release date had passed, he need not exhaust his administrative remedies before seeking relief from the district court. Courts have original

2

> jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit. U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. U.S. v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*).

The Eleventh Circuit has held, unequivocally, that "[i]f, and only if, the [petitioner] has pursued his administrative remedy may he seek relief in the district court," United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991), and thus "whether [Petitioner] may even assert a futility exception to the requirement is questionable." Jaimes v. United States, 168 F. App'x. 356, 359 & n.4 (11th Cir. 2006) (*per curiam*).[1] Although some courts within the Eleventh Circuit have noted that under certain circumstances a § 2241 petitioner may seek judicial waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility, they have also concluded that "the question [of] whether the Eleventh Circuit considers the exhaustion requirement in § 2241 subject to judicial waiver is, at best, unsettled."[2] Jones v. Zenk, 495 F. Supp. 2d 1289, 1297, 1299-1300 (N.D. Ga. July 6, 2007). However, based on Eleventh Circuit precedent, Petitioner is still subject to the requirement of administrative exhaustion. Rey, 359 F. App'x at

---

[1] The Court recognizes that although the Eleventh Circuit has in the past suggested that exhaustion in § 2241 petitions is a jurisdictional issue, Winck v. England, 327 F.3d 1296, 1300, n. 1 (11th Cir. 2003), the issue is somewhat unsettled in light of the Supreme Court's ruling in Bowles v. Russell, 551 U.S. 205, 213-14 (2007). Notably, however, the Eleventh Circuit has since rejected futility of exhaustion, Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90-91 (11th Cir. 2009) (*per curiam*), and reconfirmed its view that "exhaustion of administrative remedies is jurisdictional." Krist v. Eichenlaub, 386 F. App'x 920, 923 (11th Cir. 2010) (*per curiam*) (quoting Gonzalez, 959 F.2d at 212).

[2] "On the one hand, the Eleventh Circuit has recognized the statutory/judicial distinction given effect in [McCarthy v. Madigan, 503 U.S. 140 (1992)], indicating that exceptions to judicially-imposed exhaustion requirements remain viable. In several other cases, however, the Eleventh Circuit has indicated some doubt about whether the exhaustion requirement in § 2241 cases may be waived." Jones, 495 F. Supp. 2d at 1297-98 (internal citations and quotations omitted).

3

90 (citing Skinner, 355 F.3d at 1295); Martin v. Zenk, 244 F. App'x 974, 977 (11th Cir. 2007) (*per curiam*) (same). In any event, those courts which apply a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of demonstrating the futility of administrative review." Fuller, 11 F.3d at 62; see also Jones, 495 F. Supp. 2d at 1300.

Here, Petitioner mailed his petition on July 5, 2012, seven days after he alleges he learned that his sentence had been unlawfully extended. (Doc. no. 1, p. 13.) Petitioner fails to allege that he utilized any administrative remedy, however, and Respondent has presented evidence showing that Petitioner did not exhaust his administrative remedies. (Doc. no. 8, p. 7; id. Ex. 1, ¶ 19; id. Attach. 11.) Moreover, Petitioner provides no explanation for why he failed to exhaust his administrative remedies, and he has shown neither the existence of exceptional circumstances nor the futility of administrative review. In sum, Petitioner has not met the burden of establishing "extraordinary circumstances" that would justify exempting him from the exhaustion requirement, and thus, his claims are not properly before this Court. Fuller, 11 F.3d at 62.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies.

SO REPORTED and RECOMMENDED this /3th day of September, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE